UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Talmadge Leroy Rowell, #357729, | ) C/A No. 4:17-2084-BHH-TER |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Lee Correctional Institution, | ) |
| Respondent. | ) |

Petitioner, a *pro se* state prisoner confined at Lee Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal.

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be dismissed.

## DISCUSSION

On November 5, 2013, after a jury trial, Petitioner was convicted of criminal sexual conduct with minor, second degree, and lewd act with child under 16. (ECF No. 1 at1-2).[1] Petitioner appealed, and on August 17, 2015, the remittitur was sent from the South Carolina Court of Appeals. (ECF No. 1 at 2-3). On July 20, 2015, Petitioner filed his PCR application in state court. On May 24, 2017, Petitioner voluntarily dismissed his PCR with prejudice. Petitioner's *Lack* date is July 31, 2017.

Petitioner has filed a § 2254 Petition arguing that his ex-wife conspired to have him charged with the crimes at issue. (ECF No. 1 at 5). Petitioner states: "I was not at the hearing to testify." He states this issue was not raised on direct appeal or his PCR. (ECF No. 1 at 6). Petitioner argues as ground two that Horry County Detective Todd Cox was indicted for failure to investigate cases at the time of Petitioner's case and Petitioner's case was not investigated. (ECF No. 1 at 7-8).

---

[1] *See generally*, http://publicindex.sccourts.org/horry/publicindex/ (with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Petitioner states this issue was not raised on direct appeal or through his PCR. (ECF No. 1 at 7). As ground three, Petitioner states all the attorneys involved and the detective conspired together and that his attorney lied to his witnesses and did not call them at trial. (ECF No. 1 at 8). Petitioner states this issue was not raised on direct appeal or through his PCR. (ECF No. 1 at 9). Petitioner states as ground four that his life as a district fire chief was taken quickly due to cheating and lying. (ECF No. 1 at 10). He states for all grounds that he has not presented the grounds to the highest state court because he has not had the chance to do so at this time. (ECF No. 1 at 12). Petitioner appears to believe his PCR is still pending. (ECF No. 1 at 12).

A South Carolina prisoner has available as post conviction relief (PCR), the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160(PCR). If a South Carolina prisoner's PCR action is denied or dismissed by a Court of Common Pleas, he can file an appeal in that post conviction case. *See* S.C. Code Ann. § 17-27-100. In fact, if a prisoner files a PCR action that is denied or dismissed, the PCR petitioner must seek appellate review. If he does not, federal collateral review of the grounds raised in his application for post conviction relief will be barred by a procedural default. *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986).

In this case, Petitioner waived his post conviction relief action resulting in the case being dismissed with prejudice. Petitioner had 30 days to file a notice of appeal and Petitioner did not file an appeal. S.C. App. R. 203(b)(1). Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

3

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. Although the Petition is clear that Petitioner's grounds for relief are unexhausted, and the state court would now find an attempt to appeal the PCR action procedurally barred, Petitioner presents no arguments to demonstrate cause and actual prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 instructs that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition be dismissed without prejudice and without requiring the respondent to file a return because the petition is clearly procedurally barred. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir.1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit).

|  |  |
|---|---|
| August 17, 2017 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).