IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Talmadge Leroy Rowell, #357729, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden, Lee Correctional Institution, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 4:17-2084-BHH<br><br>**ORDER** |

This matter is before the Court on Petitioner Talmadge Leroy Rowell's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On August 17, 2017, Magistrate Judge Thomas E. Rogers III filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this § 2254 petition without prejudice and without requiring Respondent to file an answer or return. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

On November 5, 2013, Petitioner was convicted of criminal sexual conduct with a minor, second degree, and lewd act with a child under 16 after a jury trial. Petitioner appealed, and on August 17, 2015, the remittitur was sent from the South Carolina Court of Appeals. On July 20, 2015, Petitioner filed an application for post-conviction relief ("PCR"). On May 24, 2017, Petitioner voluntarily dismissed his PCR with prejudice.

On August 8, 2017, Petitioner filed the instant § 2254 petition. As a first ground for relief, Petitioner claims that his ex-wife conspired to have him charged with the crimes at issue and that he "was not at the hearing to testify." (ECF No. 1 at 5.) As ground two, he states that the detective failed to investigate his case. (*Id.* at 7.) As ground three, Petitioner contends that the public defender, the detective, and the solicitor conspired to have him convicted and that his attorney did not call the key witnesses. (*Id.* at 8.) Lastly, as ground four, Petitioner contends that his career has been taken from him based on lies. (*Id.* at 10.) Petitioner indicates in his petitioner that none of his grounds was raised on direct appeal or through PCR, and he explains that he has "not had a chance" to present all of his grounds to the highest state court having jurisdiction. (*Id.* at 12.) Petitioner indicates that his PCR application is still pending; however, as the Magistrate Judge

2

determined, a review of the public index indicates that Petitioner's PCR application was voluntarily dismissed on May 24, 2017.[1]  (*Id.*)

In his Report, the Magistrate Judge determined that it is clear from the petition that Petitioner has not exhausted his grounds for relief, and that this Court is precluded from hearing Petitioner's procedurally defaulted claims because Petitioner has not shown either cause and actual prejudice to excuse the default or that the Court's failure to consider the claims will result in a fundamental miscarriage of justice.

On September 7, 2017, Petitioner filed objections to the Report and included a copy of a letter he mailed to the South Carolina Supreme Court and the Office of Disciplinary Counsel, wherein he alleges that his PCR counsel never explained his rights to him and that he did not understand that his PCR application was being voluntarily dismissed.  (ECF No. 11-1.)  In his objections, Petitioner asks the Court not to bar him from petitioning for future habeas corpus relief and/or to hold his petition in abeyance pending the outcome of his state case.  (ECF No. 11 at 2.)

Here, as previously mentioned, Petitioner clearly states in his petition that he did not raise any of his grounds either on direct appeal or in his PCR application.  Importantly, although Plaintiff now complains that his PCR application was voluntarily dismissed without his knowledge, nowhere does Plaintiff offer any explanation or excuse for the failure to raise the grounds initially on direct appeal or in his PCR application.  *See Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009) (noting that a state prisoner seeking § 2254 relief faces several procedural obstacles and that he should present his claims in state court before

---

[1] *See* http://publicindex.sccourts.org/horry/publicindex/ with search parameters limited by Petitioner's name.

3

raising them in federal court or "they will generally be procedurally defaulted, and the federal court will be unable to adjudicate them"). Moreover, the Court finds that Petitioner has not demonstrated cause and actual prejudice to excuse the procedural default of his claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nor does the Court does believe that Petitioner has made the requisite showing of actual innocence to overcome the procedural bar, as Petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him in light of some new evidence. *See Wolfe*, 565 F.3d 160-64, and *Schlup v. Delo*, 513 U.S. 298 (1995). Accordingly, the Court agrees with the Magistrate Judge that this petition is subject to dismissal without prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's Report (ECF No. 8) is adopted, and this action is dismissed **without prejudice** and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 27, 2017
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

4

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.